Carltoh A. Fisher, J.
Plaintiffs move for an order granting summary judgment in favor of the plaintiffs and if so granted, for a hearing before the court and a jury to assess the amount of damages and for an order directing entry of judgment for the amount determined by the said jury as damages in favor of the plaintiffs, together with the costs and disbursements of this action.
It appears from the pleadings and the affidavits of the plaintiffs that the plaintiff Shirley A. Schulze on the 3d day of August, 1959 at about 12:30 in the afternoon thereof, was the owner and operator of a motor vehicle in which the other two plaintiffs were guest riders. They were seated in a standing vehicle, facing northbound, in the third lane from the curb on River Road in North Tonawanda at Wheatfield Street, in obedience to a red traffic signal light on a clear, dry August day. It is claimed that the vehicle driven by the defendant Richard F. Panning, negligently struck plaintiffs’ vehicle in the rear, causing personal injuries and damages to the plaintiffs.
River Road is six lanes wide, three northbound and three southbound, of blacktop surface and controlled by an overhead signal light at its intersection with Wheatfield Street. No other traffic was in the area of the intersection at the time of the impact. The two lanes to the right of plaintiffs’ vehicle were clear. Plaintiffs ’ vehicle was in good condition. The defendant *648 driver admitted to the three plaintiffs at the scene that the accident was all his fault. A witness, Robert Lally, in his affidavit states defendant driver said in his presence that his foot slipped from the brake to the accelerator. The defendant admits in his North Tonawanda police accident report that his car was in good condition and that he hit plaintiff, Shirley Schulze’s vehicle, in the rear. Defendant driver admits the pavement was dry and that plaintiffs’ vehicle was stopped for a red light when he struck it, in his motor vehicle accident report to Albany.
It is claimed by the plaintiffs that they were all injured by reason of the collision and they seek to recover because of the negligence of the defendant.
The defendant in his answer denies negligence on his part and submits in opposition to this motion the following affidavit:
“ Now comes Richard Lanning, R. R. #1, New Lebanon, Ohio who for his affidavit states as follows:
‘ ‘ On August 3, 1959 at about 12:45 p.m., while driving my 1953 Ford in N. Tonawanda, New York, I was involved in an accident with a 1959 Rambler which was owned and driven by Shirley A. Schulze from Chicago, 111. I do not remember making any statement as to responsibility for, or cause of the accident. I would also like to add that my foot did not slip off the brake and hit the accelerator nor did I make any statement to that effect.”
Defendant denies by affidavit that he said his foot slipped from the brake pedal to the accelerator. He does not deny stating the accident was his fault nor does he offer any explanation of how the accident occurred. The facts clearly indicate the freedom of the plaintiffs from any contributory negligence. The facts indicate no other possible explanation of the accident but that the defendant driver was negligent in the operation of his vehicle. Mr. Lanning’s admissions negate any other inference. The damage was to the front of defendant’s vehicle and to the rear of plaintiffs’ vehicle. The plaintiffs had been standing in their vehicle for a few seconds before being hit. This time is not denied by defendant driver in his affidavit. It is admitted that Evelyn Lanning is also an owner of defendant’s vehicle.
Negligence actions do not readily lend themselves to a disposition by a summary judgment. If there is any issue of negligence or freedom from contributory negligence, no matter how overwhelming the proof in favor of the plaintiffs may appear to be, the defendant has the right to have those issues resolved at a trial, but where the facts which appear in the moving and opposing papers adduced at the trial, would warrant *649 the court in directing the verdict in favor of the plaintiffs, then a summary judgment is authorized.
On this motion, it is the court’s duty to take that view of the evidence most favorable tó the defendant, and from the evidence and inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be decided in favor of the moving parties.
Could a trial court base a finding in favor of the defendant upon the evidence containing the same facts as in the affidavits submitted on this motion, is the real test.
Upon the affidavits and pleadings submitted on this motion there is no evidence to sustain an opposite verdict and if submitted at a trial, the court would be warranted in directing verdicts in favor of the plaintiffs.
The defendant has failed in his affidavit to controvert the prima facie showing of negligence which flows from the occurrence. It is incumbent upon a defendant who opposes a motion such as this, to assemble, lay bare and reveal his proofs, in order to show that the matters set forth in his answer are real and capable of being established at a trial (Di Sabato v. Soffes, 9 A D 2d 297).
The defendant has failed to lay bare proof supporting his claim of freedom from negligence or of negligence on the part of the plaintiffs.
From the pleadings and affidavits submitted, it would be unreasonable to draw any other inference than that of freedom of contributory negligence on the part of the plaintiffs and the negligence of the defendant in failing to stop, in failing to maintain a proper lookout and in failing to have his car under proper control at the time that he collided with the plaintiffs’ automobile.
The plaintiffs are entitled to the relief demanded, a summary judgment, and to have a jury assess the damages.